UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Robert L. Milliken, II<br>and<br>Robin S. Milliken,<br><br>        Debtors | Chapter 7<br>Case No. 24-10012 |

### ORDER ON DEBTORS' MOTION TO REOPEN CASE

Under chapter 7 of the Bankruptcy Code, the Debtors filed this case in January 2024, and received a discharge in May 2024. The meeting of creditors concluded three months later, and the case was closed in early September 2024. On October 24, 2024, the Debtors filed a motion to reopen the case "for the sole purpose of initiating an adversary proceeding for intentional violations of both the automatic stay and the discharge injunction" [Dkt. No. 14]. Under a local rule, the Debtors requested relief without a hearing. The two-page motion contained unsupported legal conclusions, scant citation to legal authority, and incongruous factual allegations. Rather than deny the motion outright, the Court held a hearing on November 7, 2024. For reasons stated at that hearing and below, the motion was denied without prejudice.

In seeking to reopen their case, the Debtors had the burden of establishing that there was cause to do so. See 11 U.S.C. § 350(b). Primarily, they needed to show that reopening the case would serve some purpose—that it would not be futile. Binette v. Bangor Sav. Bank (In re Binette), BAP No. EP 18-015, 2019 WL 1402731, at *4-5 (B.A.P. 1st Cir. Mar. 26, 2019) (collecting cases). Based on assertions in the motion and the colloquy with the Debtors' counsel at the hearing, however, it was apparent that the Debtors lacked a cogent legal theory of how the

1

claims that they intended to pursue in an adversary proceeding would lead toward according them any relief.

The putative claims would rely on the premise that, under the Bankruptcy Code, creditors Gerard and Marianne Lassell were obligated to release a prepetition lien on funds in a bank account that the Debtors scheduled as an asset in bankruptcy.[1] Working from this unstated and unsubstantiated premise, the motion broadly maintained that, by declining to release their lien, the Lassells violated the automatic stay imposed under section 362(a) and the discharge injunction imposed under section 524(a).

At the hearing, the Debtors' counsel readily agreed that liens are not necessarily subject to being eliminated in bankruptcy. For example, a lien (including a nonconsensual lien) against a debtor's exempted property can remain in effect notwithstanding the debtor's receipt of a discharge of personal liability for the debt secured by the lien. *See* 11 U.S.C. § 522(c)(2)(A); Farrey v. Sanderfoot, 500 U.S. 291, 296-99 (1991) (observing that "[o]rdinarily, liens and other secured interests survive bankruptcy" and discussing § 522(f)(1)). Such a possibility raises substantial questions about the Debtors' theory that creditors are obliged to release prepetition liens on funds in bank accounts. That is, if creditors are permitted in certain circumstances to keep prepetition liens in place, how can it be axiomatic that they must release those liens to avoid

---

[1] In the motion, the Debtors described the lien as a "prejudgment attachment," but that description is somewhat at odds with disclosures in the Debtors' schedules, including the listing of the Lassells' claim as unsecured "business debt" that was not contingent, unliquidated, or disputed. Further, at the hearing, the Debtors' counsel acknowledged that a business entity owned by the Debtors might have also been a defendant in the relevant lawsuit brought by the Lassells. Counsel was unable to confirm whether that business had ever held an interest in the bank account in question.

violating the automatic stay and discharge injunction? The Debtors' counsel offered nothing to resolve the seeming inconsistency in logic here.[2]

Without reasoned and researched support for the Debtors' contention that the Lassells' lien must be released—the real crux of the matter here—the Debtors cannot plausibly state any claim to relief based on the Lassells' purported failure to release the lien. Given these circumstances, no apparent purpose would be served by reopening the Debtors' case to permit them to file their proposed adversary proceeding. Thus, the motion was denied.

The denial is without prejudice to the Debtors' refiling their motion with additional legal and factual support.[3] If refiling their motion, the Debtors must serve all interested parties, including the Lassells, with the motion and notice of any hearing and objection deadline.[4]

Dated: November 15, 2024

Michael A. Fagone
United States Bankruptcy Judge
District of Maine

---

[2] Counsel explained instead that he drew his conclusion—i.e., that liens must be released—from certain phrases in various subsections of section 362(a) that detail the automatic stay. He conceded, however, that he had no independent support for his interpretation of those phrases. Counsel likewise lacked support for his understanding of section 524(a), which was undergirded by his interpretation of section 362(a).

[3] As to factual support, if the Debtors intend to rely on documentation such as an attachment and written communications with others about that attachment, they should expect that such documentation—rather than summaries of or excerpts from it—will likely be among the necessary components of meeting their burden of proof for a refiled motion to reopen the case.

[4] The Lassells were not provided any notice (direct or indirect) of the motion to reopen. At the hearing, the Court raised concerns about the extent to which the Lassells have had notice of these bankruptcy proceedings generally. In the motion to reopen, the Debtors indicated that the record address for the Lassells in this case (in care of an attorney who has not entered an appearance here) has not been current since "shortly postpetition" and that the Lassells never received a copy of the order granting the Debtors a discharge. The Court encourages the Debtors to ensure that the Lassells are served with a copy of that order.